JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 25-1671 PA | | Date | May 29, 2026 |
|---|---|---|---|---|
| Title | In re Patricia E. Anderson Hooper | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

On July 30, 2025, appellant Patricia Anderson Hooper ("Appellant"), filed a Notice of Appeal challenging an Order Denying her Motion to Vacate Order of Abandonment of Real Property and Set Aside Sale of Real Property issued in the underlying bankruptcy proceeding pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, case number 8:24-cv-24-12580-SC.  (Docket No. 1).

The Court's Notice Regarding Appeal from Bankruptcy Court, (Docket No. 6), cautioned the parties that they must comply with all applicable rules of the Federal Rules of Bankruptcy Procedure, and that, as provided in those Rules, Appellant was required, within 14 days of filing the Notice of Appeal, to file with the Clerk of the Bankruptcy Court:  (1) a designation of record; (2) a statement of issues on appeal; and (3) a notice regarding the ordering of transcripts.  The Notice Regarding Appeal from Bankruptcy Court warns the parties that the "failure of either party to comply with the time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal."  (Id.)  Appellant did not timely file the required documents.  On September 25, 2025 and December 30, 2025, the Court issued Orders to Show Cause regarding Appellant's failure to comply with the Notice Regarding Appeal from Bankruptcy Court, and further warned Appellant that failure to adequately respond to the Orders to Show Cause might result in dismissal of the appeal or other sanctions.  (Docket Nos. 10, 14.)

On January 13, 2026, the Court issued a Notice Regarding Bankruptcy Record Complete, which established a filing deadline of February 12, 2026 for Appellant to file an opening brief. (Docket No. 18.)  On February 12, 2026, the day her brief was due, Appellant filed a Motion for Extension of Time to file her opening brief.  (Docket No. 20.)  The Court granted Appellant's Motion, but warned that the failure to file the opening brief by March 31, 2026 might result in dismissal of this appeal without further warning.  (Docket No. 24.)  On April 15, 2026, after the

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-1671 PA | Date | May 29, 2026 |
|---|---|---|---|
| Title | In re Patricia E. Anderson Hooper | | |

filing deadline had passed, Appellant asked for a second extension of time to file her opening brief.  (Docket No. 25.)  The Court granted Appellant's Ex Parte Application for additional time, and ordered that the opening brief be filed by May 17, 2026.  (Docket No. 27.)  To date, Appellant has not filed her Opening Brief and has not attempted to explain the failure to do so.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or abide by clear orders of the Court.  See, e.g., Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629–30 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id. at 1423.  Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor.  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal."  Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (public's interest in expeditious resolution of litigation always favors dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.

The third Henderson factor at least marginally favors dismissal.  Appellee may be further prejudiced unless the appeal is dismissed.  See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth Henderson factors, the Court notes that despite multiple warnings that failure to comply with the Court's orders, including the filing of a timely opening brief, could result in dismissal of the appeal, Appellant did not attempt to explain her failure to file a timely opening brief or request additional time to do so.  Additionally, the Court intends to dismiss this action without prejudice.  Accordingly, the fifth Henderson factor favors

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 25-1671 PA | | Date | May 29, 2026 |
|---|---|---|---|---|
| Title | In re Patricia E. Anderson Hooper | | | |

dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (district court should first consider less-drastic alternatives to dismissal with prejudice).

Taking all of the above factors into account, dismissal is appropriate.  The Court therefore dismisses this appeal without prejudice.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.